# STATE OF MICHIGAN

# COURT OF APPEALS

KRISTEN STONE,

Plaintiff-Appellant,

v

BOULDER CREEK APARTMENTS, LLC, and
USA ASSET FUND, LLC,

Defendants-Appellees.

UNPUBLISHED
October 31, 2017

No. 333355
Genesee Circuit Court
LC No. 15-104551-NO

Before: BORRELLO, P.J., and MURPHY and RONAYNE KRAUSE, JJ.

PER CURIAM.

In this premises liability action, plaintiff appeals as of right the trial court's orders granting summary disposition in favor of defendants Boulder Creek Apartments, LLC, and USA Asset Fund, LLC, and denying plaintiff's motion for reconsideration. On appeal, plaintiff argues that the trial court erred when it granted defendants' motion for summary disposition, given that genuine issues of material fact existed as to whether defendants violated their statutory duty as landlords under MCL 554.139. In addition, plaintiff contends that the trial court erred when it denied plaintiff's motion for reconsideration, specifically because the court did not grant plaintiff leave to amend her complaint, which request was embedded in the motion for reconsideration and worthy of being granted under the circumstances presented. We affirm the summary dismissal of plaintiff's complaint, but reverse the apparent denial of leave to amend and remand for the trial court to expressly and directly address and analyze the issue concerning whether plaintiff should be allowed to amend her complaint under MCR 2.116(I)(5) and MCR 2.118.

In an already once-amended complaint, plaintiff alleged that on December 15, 2013, at around 11:00 a.m., she "was walking down the front stairs of her apartment building, exiting the front door[,] when she slipped and fell on ice and snow that covered the stairs[,] causing [p]laintiff to suffer severe and serious injuries as hereinafter described." Plaintiff set forth numerous allegations concerning the manner in which defendants were negligent, careless, and reckless. In the complaint, plaintiff failed to cite MCL 554.139, which provides, in relevant part, that in every lease, the lessor covenants "[t]hat the premises and all common areas are fit for the use intended by the parties[,]" along with covenanting "[t]o keep the premises in reasonable repair during the term of the lease[.]" MCL 554.139(1)(a) and (b). Aside from failing to specifically cite MCL 554.139 in her complaint, plaintiff did not even broadly allege a statutory violation, nor did plaintiff employ the language found in MCL 554.139(1)(a) and (b). Under

-1-

Michigan law, in a premises liability case, liability does not arise with respect to open and obvious dangers, except when special aspects of a condition render even an open and obvious risk unreasonably dangerous. *Hoffner v Lanctoe*, 492 Mich 450, 455; 821 NW2d 88 (2012). "However, a defendant cannot use the 'open and obvious' danger doctrine to avoid liability when the defendant has a statutory duty to maintain the premises in accordance with MCL 554.139(1)(a) or (b)." *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425 n 2; 751 NW2d 8 (2008). Returning to plaintiff's complaint, she did not allege that the open and obvious danger doctrine did not apply because a statutory duty existed. Rather, plaintiff alleged that the doctrine was not implicated because the snow and ice hazard "was not 'open and obvious' and would not have been appreciated by an average person of ordinary intelligence upon casual inspection."[1] In sum, plaintiff's complaint could be construed as failing to reasonably inform defendants that they were being called upon to defend against a claim predicated on MCL 554.139. See MCR 2.111(B)(1) (rules of pleading). That said, we ultimately need not resolve or answer that particular question because of the nature of plaintiff's arguments on appeal.

Defendants filed a motion for summary disposition, arguing that the alleged danger was open and obvious, that no special aspects existed, and that they had no notice of the purported hazard. In response, plaintiff agreed that the danger was open and obvious, but she maintained that the doctrine did not apply because defendants owed plaintiff a statutory duty under MCL 554.139(1)(a) (fit for intended use). Plaintiff also contended that a special aspect existed that precluded application of the open and obvious danger doctrine, i.e., that the hazard was effectively unavoidable. In a reply brief, defendants argued that plaintiff never pled a statutory violation under MCL 554.139. The trial court granted defendants' motion for summary disposition, concluding that the alleged danger was open and obvious, that no special aspects existed, considering that plaintiff could have used an alternate route, and that plaintiff failed to allege a statutory violation. In a motion for reconsideration, plaintiff acknowledged that the complaint "fail[ed] to clearly allege a violation of statutory duties under MCL 554.139." Plaintiff maintained that counsel was unaware of the pleading problem, characterized by plaintiff as a "clerical error," because the complaint, despite being signed by counsel, was drafted by a paralegal who was no longer employed by the firm.[2] Plaintiff also argued that she openly presented her claim as a violation of MCL 554.139, as evidenced by her deposition testimony.[3] Within the motion for reconsideration, plaintiff also sought leave to file an amended complaint, so as to add a claim under MCL 554.139. The trial court denied the motion, finding that no palpable error had occurred.

---

[1] We note that the complaint also asserted that a business invitee-invitor relationship existed, not a landlord-tenant relationship.

[2] This irrelevant and ridiculous argument is renewed on appeal. We direct counsel's attention to MCR 2.114(D)(1), which provides that the signature of an attorney "constitutes a certification by the signer that . . . he or she has read the document[.]"

[3] This argument is also renewed on appeal and is likewise irrelevant. The question posed was whether *the complaint* sufficiently pled a statutory violation.

On appeal, plaintiff first argues that the trial court erred by granting defendants' motion for summary disposition, where genuine issues of material fact existed as to whether defendants violated their statutory duty as landlords under MCL 554.139(1)(a), considering the evidence showing that defendants failed to keep the area that plaintiff fell fit for its intended use.[4] This argument, which falls under the umbrella of MCR 2.116(C)(10), fails because it is irrelevant in light of the procedural posture of the case. The trial court did not rule that there was no genuine issue of material fact that defendants kept the location of the fall fit for its intended use; the court never reached that issue. The trial court simply determined that plaintiff failed to plead a statutory violation under MCL 554.139, which is a matter implicating MCR 2.116(C)(8). Plaintiff does not argue on appeal that she sufficiently pled a statutory violation in her complaint or that the trial court erred in finding that the complaint was deficient on the matter.[5] There is no viable basis being urged by plaintiff that warrants reversal of the order granting defendants' motion for summary disposition.

Next, plaintiff argues that the trial court erred in not allowing her to file an amended complaint that incorporates allegations of a statutory violation under MCL 554.139.[6] "If the grounds asserted [in support of summary disposition] are based on subrule (C)(8), (9), or (10), the court shall give the parties an opportunity to amend their pleadings as provided by MCR 2.118, unless the evidence then before the court shows that amendment would not be justified." MCR 2.116(I)(5). "Leave shall be freely given when justice so requires." MCR 2.118(A)(2). A motion to amend a complaint should ordinarily be granted unless there exists undue delay, bad faith or a dilatory motive, repeated failures to cure deficiencies with prior amendments, futility, or undue and actual prejudice. *Weymers v Khera*, 454 Mich 639, 658-659; 563 NW2d 647 (1997). Here, the trial court's ruling denying the motion for reconsideration did not expressly indicate that the court was denying leave to amend the complaint. We are unsure whether the trial court actually engaged in an analysis of the relevant factors referenced in *Weymers* and the principles found in MCR 2.116(I)(5) and MCR 2.118, or whether it even actually entertained the

---

[4] Plaintiff does not argue on appeal that the hazard was not open and obvious, nor does she contend that the trial court erred in ruling that no special aspects existed. Accordingly, those matters are not addressed in this opinion, and the trial court's determinations stand.

[5] Again, plaintiff does argue clerical error, mistake by a paralegal unbeknownst to counsel, and illumination in discovery in the context of challenging the court's denial of her motion for reconsideration. These arguments, however, do not validly or pertinently address whether the complaint was adequately pled. Indeed, they are effectively a concession of a pleading failure, constituting mere excuses for the failure.

[6] As noted earlier, plaintiff couches this argument as a claim that the trial court erred in denying the motion for reconsideration, which included a request to file an amended complaint.

request.[7]  Therefore, we remand the case for the trial court to specifically and expressly address the question whether plaintiff should be permitted to amend her complaint.

Affirmed in part and reversed and remanded in part for proceedings consistent with this opinion.  We do not retain jurisdiction.  Neither part having fully prevailed on appeal, we decline to award taxable costs under MCR 7.219.

/s/ Stephen L. Borrello
/s/ William B. Murphy
/s/ Amy Ronayne Krause

---

[7] We do not place any blame on the trial court if it may have overlooked plaintiff's request to amend the complaint, considering that plaintiff blended the request into the motion for reconsideration instead of filing a separate motion for leave to amend.